IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHEL SANTIAGO, on behalf of )
herself and others similarly situated, )
)
Plaintiff, )
)
v. ) Civil Action No.: 5:17-cv-124-OC-30PRL
)
ACA CAMP GENEVA, INC., )
)
Defendant. )
_____ )

## COMPLAINT

COMES NOW the Plaintiff, RACHEL SANTIAGO ("PLAINTIFF"), on behalf of herself and others similarly situated, and files this Complaint against DEFENDANT, ACA CAMP GENEVA, INC. ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that provided daycare and preschool services in Lake County, Florida, which is where PLAINTIFF was employed at all relevant times.

### BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages and overtime owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was a preschool and an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around August 2016, PLAINTIFF was hired to work as a caregiver for DEFENDANT and she continued in that capacity until her termination in February 2016. Her primary responsibility was to care for the needs of young children entrusted to DEFENDANT. The proposed collective class of individuals consists of employees of DEFENDANT, who like PLAINTIFF were hourly workers, who performed overtime work for which they failed to receive compensation at a rate of one and one-half times their hourly rate and who otherwise worked off the clock without receiving compensation as well as individuals who were salaried and misclassified as exempt from overtime.

10. Throughout her employment, PLAINTIFF routinely worked through her breaks, stayed late, attended a mandatory weekly meeting, and performed work off the clock, all at the instruction and knowledge of her supervisors. The similarly situated employees are also believed to have performed work off the clock at the direction of

DEFENDANT acting through its agents, servants and employees and to have worked overtime for DEFENDANT who failed to pay them time and one-half for their overtime pay. No additional compensation was ever paid to PLAINTIFF and similarly situated individuals who also worked through their breaks and worked off the clock.

11. At all relevant times, PLAINTIFF was paid an hourly rate of $10.85. She worked from 8:15 in the morning until 6:00 in the evening five days per week, and attended a mandatory meeting every Tuesday that usually lasted an hour but was never paid past the 40th hour of each workweek.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

13. PLAINTIFF and those similarly situated were not paid for any hours worked after their 40th hour of the week despite working as many as 60 hours.

14. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF and those similarly situated were not paid at all for the hours they worked off the clock.

15. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated for time actually worked and time and one-half for overtime hours they worked.

16. PLAINTIFF and those similarly situated are therefore, owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF and those similarly situated, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

20. PLAINTIFF and those similarly situated, at all relevant times were non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work off the clock for which they received no compensation.

21. During their employment with DEFENDANT, PLAINTIFF and those similarly situated performed work for which they were not compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the minimum wage provision of the FLSA by failing to pay PLAINTIFF and those similarly situated for all the time they worked. DEFENDANT also violated the overtime provisions of the FLSA by failing to pay PLAINTIFF and those similarly situated time and one-half when they worked more than 40 hours per week.

22. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANT.

23. DEFENDANT'S failure to compensate PLAINTIFF and those similarly situated for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

24. DEFENDANT'S failures to compensate PLAINTIFF and those similarly situated for all compensable hours and to pay them time and one-half for their overtime were willful and knowing violations of the Act.

25. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF and those similarly situated, they have suffered substantial delay in receipt of wages owed and damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation for unpaid work, time and one-half pay for their unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

27. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of having employees perform work "off the clock" and/or failing to pay employees for time actually worked, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLORIDA STATUTE 448.01 *et seq.*

28. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29. DEFENDANT failed to pay to PLAINTIFF wages due and owing in violation of Florida Statute § 448.01, *et seq.*

30. Pursuant to Florida Statute § 448.08, PLAINTIFF is entitled to have her attorney's fees paid for by DEFENDANT if she is successful in this action.

31. The unpaid wages consist of approximately ten to 20 hours per week that should have been paid at a rate of time and one-half.

32. The above-described pay was a material term and condition of PLAINTIFF'S employment with DEFENDANT.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, unpaid overtime, unpaid accrued vacation time, nominal damages, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of having employees perform work "off the clock" and/or failing to pay employees for time actually worked, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLORIDA STATUTE 448.01 *et seq.*

33. The General Allegations and Background above are hereby incorporated by reference

as though fully set forth herein.

34. In or around February 2017, PLAINTIFF and those similarly situated learned that a co-worker had battered a young autistic boy and they reported this to the Florida Department of Children and Families.

35. A police officer was dispatched to conduct an investigation into whether any illegal activity had occurred and upon information and belief, at least part of this investigation was based on whether DEFENDANT had violated any laws by failing to report the abuse when DEFENDANT first became aware.

36. PLAINTIFF and those similarly situated provided information as part of that investigation.

37. In good faith, believing it to be illegal to do so, PLAINTIFF and those similarly situated also refused to keep silent about the abuse taking place in their workplace despite DEFENDANT wanting them to keep the matter private.

38. In retaliation for the above, PLAINTIFF and those similarly situated were terminated from their jobs.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover:

(a) Reinstatement to the same position held before the adverse action was commenced, or to an equivalent position or reasonable front pay as alternative relief;

(b) Reinstatement of full fringe benefits and seniority rights, as appropriate;

(c) Compensation, for lost wages, benefits, or other lost remuneration caused by the adverse action;

(d) Payment of reasonable costs, including attorney's fees,

(e) Issuance of an injunction, if appropriate;

(f) For a trial by jury on all issues so triable; and,

(g) For such other and further relief as the Court may deem just and proper.

Dated: March 21, 2017

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF