UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHEL SANTIAGO, on behalf
of herself and others similarly situated,

    Plaintiff,                                                     CASE NO.: 5:17-cv-124-oc-30PRL

v.

ACA CAMP GENEVA, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE, OR ALTERNATIVELY, MOTION TO STRIKE WITH MEMORANDUM OF LAW IN SUPPORT**

Defendant, ACA CAMP GENEVA, INC., (hereinafter "ACA"), hereby files this Motion to Dismiss Plaintiff's Complaint with Prejudice, or Alternatively, Motion to Strike with Incorporated Memorandum of Law, and as grounds for such state:

**I.    FED. R. CIV. P. RULES 8 AND 12(B)(6) - FAILURE TO STATE A CLAIM GENERALLY AGAINST EITHER THE CITY OR BELL**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6), Fed.R.Civ.P., a claim is subject to dismissal either because it asserts a legal theory that is not cognizable as a matter of law or because the factual tale alleged is implausible. *Twombly*, 550 U.S. at 544, 555, 570.

A pleader must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. Further, a court will not accept as true bald assertions couched as "facts," legal conclusions masquerading as facts or conclusions contradicted

by the complaint or its exhibits. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009); *Twombly,* 550 U.S. at 544, 55; *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)(quotations omitted).  When considering a 12(b)(6) Motion, the Plaintiff's legal conclusions should be isolated, so as to uncover the pleading's pure factual allegations.  Those allegations will then be examined for plausibility. *Iqbal*, 127 S.Ct. at 1967.  Pleadings that are unable to "show" the requisite plausible entitlement to relief are thereby exposed by Rule 12(b)(6) at an early stage in order to minimize the costs of time and money by the litigants and the courts. *Twombly*, 550 U.S. at 558.

In the instant case, the Plaintiff's Complaint contains nothing more than unsupported legal conclusions with respect to all of the alleged claims under the Fair Labor Standards Act ("FLSA") and vague, undecipherable allegations unspecified under the provisions of Chapter 448, Florida Statutes. If the legal conclusions contained in the Plaintiff's Complaint were to be isolated, there would be few, if any factual allegations remaining; certainly, insufficient factual allegations to satisfy the "plausibility" requirement of *Twombly*.  Rule 8 does not empower the Plaintiff to plead the bare elements of a cause of action, "affix the label 'general allegation' and expect [his] complaint to survive a Motion to Dismiss." *Iqbal*, 127 S.Ct. at 1954.

Plaintiff's Complaint contains boilerplate language, and purports to be brought on behalf of Plaintiff and others "similarly situated;"  however, Plaintiff fails to allege any facts to support that there were in fact **any** employees that were similarly situated or any other language that would suggest that class treatment under the FLSA is appropriate.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT- PLAINTIFF HAS NOT ESTABLISHED THE APPLICABILITY OF THE FLSA TO THE PARTIES' RELATIONSHIP AND IS OTHERWISE EXEMPT FROM THE FLSA

Plaintiff cannot show and has not shown that the Fair Labor Standards Act governs the relationship of the parties. The Plaintiff alleges only legal conclusions and bare conclusory allegations that Defendant was a "preschool" engaged in interstate commerce, Plaintiff allegedly worked in interstate commerce. Further, her employment with ACA is not covered by the FLSA because ACA is not an "enterprise," and the Plaintiff was neither engaged in commerce nor in the production of goods for commerce. *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1290 (M.D. Fla. 2005) (Not every entity caring for children is a "preschool" subject to enterprise coverage. In order to demonstrate "enterprise" coverage, Plaintiff has the burden to show that ACA:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(s)(1)(A).

Plaintiff has not and cannot meet that burden here. Plaintiff has alleged insufficient facts to arrive at the legal conclusion that ACA is a "preschool" within the meaning of Florida and Federal law. Apparent on the face of the Plaintiff's Complaint,

ACA is a non-profit corporation, and provided custodial services to children located in Central Florida, specifically, Fruitland Park, Florida. Plaintiff's duties included no production or work in interstate commerce, and Plaintiff has otherwise failed to demonstrate that enterprise coverage under the FLSA is appropriate.

### COUNTS II and III – VIOLATION OF UNSPECIFIED PROVISIONS OF FLORIDA STATUTE 448.01 *et seq.* MUST ALSO FAIL

Plaintiff not only fails to state a cause of action under any of the unspecified provisions of Sections 448.01, *et seq.*, Florida Statutes, but she has failed to comply with or even allege compliance with the conditions precedent to bringing a civil action under those provisions. For example, Sections 448.102, 448.103 and 448.110 each require written notice to the employer or compliance with other conditions precedent to bringing suit. Plaintiff again fails to describe which provisions of law she is attempting to allege a violation of, and fails to allege any facts to support the elements of any such claim. Plaintiff has not and cannot state a claim under any portion of the FLSA or Section 448.01, *et seq*, Florida Statutes. Plaintiff also alleges that she made more than the state minimum wage, so any claim brought pursuant to that provision is frivolous. Further, to extent that Florida Law follows the interpretations of federal courts regarding applicability of the FLSA, for the reasons discussed elsewhere in this Motion, the FLSA does not apply. Accordingly, Counts I and II should be dismissed.

### ALTERNATIVELY, THE COMPLAINT SHOULD BE STRICKEN AS AN IMPERMISSIBLE SHOTGUN PLEADING

In the alternative to dismissal with prejudice, Plaintiff's Complaint should be stricken as an impermissible "shotgun pleading." Weiland v. Palm Beach Cnty, Sheriff's

Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Id. at 1321-23 (footnotes omitted). The Eleventh Circuit has repeatedly condemned shotgun pleadings such as the AC because they fail to comply with Rule 8 of the Federal Rules of Civil Procedure. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *see also Weiland,* 792 F.3d at 1321 (describing the Eleventh Circuit's criticism of shotgun pleadings in *T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n.14 (11th Cir. 1985), as the opening shot in "a thirty-year salvo" against shotgun pleadings for which there is "no ceasefire in sight"). When presented with a shotgun complaint, a court should strike it and order repleader. *Cramer v. State of Fla.,* 117 F.3d 1258, 1263 (11th Cir. 1997).

By asserting nothing but bare legal conclusions unsupported by allegations of fact, the Complaint is an impermissible shotgun pleading as delineated by the Eleventh Circuit in Weiland. Additionally, the Complaint realleges by reference a number of paragraphs in each count, a practice strongly disfavored by Florida Courts. Therefore, it should be stricken. See Kirby v. Highland Banc, Inc., No. 6:12-cv-1400-0r1-18TBS, 2012 WL 5417131, at *1-2 (M.D. Fla. Oct. 1, 2012) (striking a shotgun complaint and ordering repleader); Gearictano v. Freedom Mortg. Corp., No. 6:12-cv-1416-Or1-18GJK, 2012 WL 5417317, at *1 (M.D. Fla. Sept. 25, 2012) (striking shotgun complaint and ordering repleader).

**WHEREFORE**, Defendant, ACA CAMP GENEVA, INC. respectfully requests this Honorable Court dismiss the Complaint <u>with prejudice</u> for the reasons stated herein, or in the alternative, strike the Complaint as a shotgun pleading and for such further relief as this Court deems just and proper.

Respectfully submitted: May 17, 2017.

*/s/ Stephanie J. McCulloch*
Stephanie J. McCulloch, Esq.
Florida Bar No. 638161
McLin Burnsed, P.A.
1000 West Main Street
Leesburg, Florida 34749
Telephone: (352) 326-2608
E-mail:  StephM@mclinburnsed.com
Attorneys for Defendant,
ACA CAMP GENEVA, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of **May**, **2017**, I filed the foregoing with the Clerk of the Court via the Court's CM/ECF system, which will send an electronic notice to all counsel of record.

*/s/ Stephanie J. McCulloch*
STEPHANIE J. MCCULLOCH, Esq.