**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

RACHEL SANTIAGO,

    Plaintiff,

v().                                          Case No: 5:17-cv-124-Oc-30PRL

ACA CAMP GENEVA, INC.,

    Defendant.

---

## ORDER

After talking to law enforcement about alleged abuse at the preschool where she worked, Plaintiff was fired from her job. Now Plaintiff is suing her former employer for alleged unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), section 448.01 *et seq.*, Florida Statutes; and for retaliation under the Florida private sector Whistleblower Act ("FWA"), also section 448.01 *et seq.*, Florida Statutes. Defendant argues the claims should be dismissed for numerous reasons. The Court concludes only the unpaid overtime claim under the FMWA should be dismissed because Plaintiff failed to allege she complied with the FMWA's pre-suit notice requirements.

## BACKGROUND

Plaintiff worked as a caregiver for Defendant, a preschool, for approximately six months.[1] Plaintiff's primary responsibility was to care for the children entrusted to Defendant. Plaintiff alleges that she worked through her breaks, stayed late, and attended mandatory weekly after-hours meetings, in addition to performing work off the clock. So although Plaintiff worked more than 40 hours per week, she was never paid overtime. Instead Plaintiff was paid her hourly wage of $10.85 for 40 hours, and was not compensated at all for the additional 10 to 20 hours she worked each week.

In February, Plaintiff learned that a co-worker had battered a young autistic boy. The battery was reported to the Department of Children and Families, and law enforcement began an investigation. Plaintiff provided information to law enforcement as part of the investigation and was allegedly terminated by Defendant for doing so.

In addition to these allegations, Plaintiff contends that other co-workers also did not receive overtime pay and were fired in retaliation for talking to law enforcement during the battery investigation. Plaintiff brings this suit for overtime pay and retaliation on behalf of herself and others similarly situated.

---

[1] The Complaint erroneously lists the date of employment as August 2016 to February 2016. (Doc. 1, ¶9). For the purposes of Defendant's Motion, that error is irrelevant. But the Court directs Plaintiff to consider whether the error requires correction in the future.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

(citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Defendant argues the Complaint (Doc. 1) should be dismissed with prejudice or stricken for the following reasons: (1) the Complaint contains only boilerplate allegations and insufficient facts; (2) Plaintiff has not alleged facts to show others are similarly situated; (3) Plaintiff has not alleged the FLSA applies to Defendant; (4) Defendant is exempt from the FLSA;[2] (5) Plaintiff did not allege compliance with the conditions precedent to a suit under the FMWA and FWA; (6) Plaintiff did not allege which statutes Defendant allegedly violated; (7) Plaintiff's claims under the FMWA and the FWA are frivolous because Plaintiff alleges she made more than minimum wage; and (8) the Complaint is an impermissible shotgun pleading. (Doc. 6). What Defendant lacks in its Motion is legal support for most of its arguments—which makes it difficult for the Court to determine if some of the arguments have merit or so completely lack merit that Defendant could find no support for its arguments. This problem is compounded by the fact that Plaintiff's Response similarly lacks legal authority supporting her arguments.

---

[2] The Court will briefly address this argument. Plaintiff sufficiently alleged the FLSA applies to Defendant. Defendant's Motion argues, without any evidentiary support, that Defendant is exempt from the FLSA. The Court concludes the Complaint sufficiently alleges the FLSA applies, and Defendant can attempt to prove that it does not—relying on evidence as opposed to legal conclusions—at the summary judgment stage.

(Doc. 8). The Court admonishes both parties' Counsel for failing to support their arguments with citations to legal authority.

Turning to the arguments, the Court concludes only one of Defendant's argument has merit: that Plaintiff failed to plead compliance with the FMWA's pre-suit notice requirement.[3] Section 448.110(6), Florida Statutes, requires an employee bringing a claim for unpaid minimum wages to "notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." The employer then has 15 days from which to resolve the claim before the employee can bring suit. *Id.* Courts have uniformly held that this notice is a condition precedent to bringing suit. *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-CV-724-T-30, 2006 WL 1823783, at *3 (M.D. Fla. June 30, 2006); *Goetz v. Louie's Backyard, Inc.*, No. 14-10074-CIV, 2015 WL 12781194, at *2 (S.D. Fla. May 18, 2015).

Plaintiff never alleges in her FMWA claim (Count II) that she complied with this condition precedent. Nor is there a general allegation that Plaintiff complied with all conditions precedents. As such, the Court must dismiss Plaintiff's FMWA claim without prejudice for failure to allege compliance with the notice requirement. That said, it is unclear to the Court that Plaintiff's claim for unpaid overtime is appropriately brought

---

[3] As Plaintiff correctly notes in her response, she was not required to allege she provided notice of her FWA claim because she alleges that she was fired after talking to law enforcement during an investigation into illegal activity. These allegations state a claim under section 448.102(2), Florida Statutes. The legal support for this assertion, missing from Plaintiff's response, is *Golf Channel v. Jenkins*, 752 So. 2d 561, 568 (Fla. 2000), in which the Florida Supreme Court held the notice provisions of the FWA do not apply to section 448.102(2).

under the FMWA, which provides a cause of action for unpaid minimum wages. But the Court need not decide that issue since the claim is dismissed.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice, or Alternatively, Motion to Strike (Doc. 6) is GRANTED IN PART.

2. Count II of the Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of June, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record